**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

|  |  |
|---|---|
| **Alexandra Zaitsev**,<br><br>Plaintiff,<br><br>vs.<br><br>**Extreme Mist PCS, LLC**, and **Ron Laikind and Jane Doe Laikind**, a Married Couple,<br><br>Defendants. | No.<br><br>**VERIFIED COMPLAINT** |

Plaintiff, Alexandra Zaitsev ("Plaintiff" or "Alexandra Zaitsev"), sues the

Defendants Extreme Mist PCS, LLC and Ron Laikind and Jane Doe Laikind

("Defendants" or "Extreme Mist") and alleges as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for unpaid minimum wages, liquidated damages,

attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29

U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act

("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

1   unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article

2   7.

3       2.      The FLSA was enacted "to protect all covered workers from substandard

4   wages and oppressive working hours."  Barrentine v. Ark Best Freight Sys. Inc., 450 U.S.

5   728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a

6   minimum wage of pay for all time spent working during their regular 40-hour

7   workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-

8   exempt employees one and one-half their regular rate of pay for all hours worked in

9   excess of 40 hours in a workweek.  See 29 U.S.C § 207.

10

11

12      3.      The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within

13  the State of Arizona.

14      4.      The AWA, A.R.S. § 23-350, et seq., establishes standards for wage

15  payments to employees within the State of Arizona.

16

17                          **JURISDICTION AND VENUE**

18      5.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and

19  29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of

20  the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

21  1367 because the state law claims asserted herein are so related to claims in this action

22  over which this Court has subject matter jurisdiction that they form part of the same case

23  or controversy under Article III of the United States Constitution.

24

25      6.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because

26  acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

27

1  Defendants regularly conduct business in and have engaged in the wrongful conduct

2  alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

3                                    **PARTIES**

4        7.      At all times material to the matters alleged in this Complaint, Plaintiff was

5  an individual residing in Maricopa County, Arizona, and is a former employee of

6

7  Defendants.

8        8.      At all material times, Extreme Mist PCS, LLC was a limited liability

9  company duly licensed to transact business in the State of Arizona.  At all material times,

10

11  Defendant Extreme Mist PCS, LLC does business, has offices, and/or maintains agents

12  for the transaction of its customary business in Maricopa County, Arizona.

13        9.      At all relevant times, Defendant Extreme Mist PCS, LLC owned and

14  operated as "Extreme Mist," a personal cooling and misting company doing business in

15

16  Maricopa County, Arizona.

17        10.      Under the FLSA, Defendant Extreme Mist PCS, LLC is an employer.  The

18  FLSA defines "employer" as any person who acts directly or indirectly in the interest of

19

20  an employer in relation to an employee.  At all relevant times, Defendant Extreme Mist

21  PCS, LLC had the authority to hire and fire employees, supervised and controlled work

22  schedules or the conditions of employment, determined the rate and method of payment,

23  and maintained employment records in connection with Plaintiff's employment with

24

25  Defendants.  As a person who acted in the interest of Extreme Mist in relation to the

26  company's employees, Defendant Extreme Mist PCS, LLC is subject to liability under

27  the FLSA.

11.     Defendants Ron Laikind and Jane Doe Laikind are, upon information and belief, husband and wife.  They have caused events to take place giving rise to the claims in this Complaint as to which their marital community is fully liable.  Ron Laikind and Jane Doe Laikind are owners of Extreme Mist and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

12.     Under the FLSA, Defendants Ron Laikind and Jane Doe Laikind are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Ron Laikind and Jane Doe Laikind had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Extreme Mist in relation to the company's employees, Defendants Ron Laikind and Jane Doe Laikind are subject to individual liability under the FLSA.

13.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

14.     Defendants, and each of them, are sued in both their individual and corporate capacities.

15.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

16.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

17.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

18.     At all relevant times, Defendants were and continue to be "employers" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

19.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

20.     At all relevant times, Plaintiff was an "employee" of Defendants as defined by A.R.S. § 23-362.

21.     At all relevant times, Defendants were and continue to be "employers" of Plaintiff as defined by A.R.S. § 23-362.

22.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

23.     Plaintiff, in her work for Defendants, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

24.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in commerce or the production of goods for commerce.

25.     At all relevant times, Plaintiff, in her work for Defendants, was engaged in interstate commerce.

26.     Plaintiff, in her work for Defendants, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

27.     Defendants own and/or operate as Extreme Mist, an enterprise doing business in Maricopa County, Arizona.

28.     Defendant Extreme Mist PCS LLC operates a personal cooling and misting company doing business in Maricopa County, Arizona.

29.     Plaintiff was hired by Defendants in or about June 2022 and worked about two shifts during a single workweek.

30.     At all relevant times, Plaintiff worked for Defendants from June 8, 2022 through June 9, 2022.

31.     At all relevant times, in her work for Defendants, Plaintiff worked performing accounting and bookkeeping duties.

32.     Defendants, in their sole discretion, agreed to pay Plaintiff an hourly rate of $25.00.

33.     Upon information and belief, Plaintiff worked approximately 12 hours in her sole workweek of employment with Defendant.

34.     Defendants failed to compensate Plaintiff any wage whatsoever for the hours she spent working for Defendants during the sole workweek of her employment with Defendant.

35.     On or about June 9, 2022, Plaintiff left her employment with Defendants.

36.     When she left the company, Defendants had in their possession Plaintiff's address.

37.     When she left the company, Defendants had in their possession Plaintiff's direct deposit information.

38.     Defendants had instructed her to complete her direct deposit information, and that is the manner in which Plaintiff had expected to be paid for the work she performed.

39.     However, Defendants never directly deposited any such check into Plaintiff's bank account.

40.     Defendants never mailed Plaintiff a check for the wages she had earned.

41.     As a result of not having paid any wage whatsoever to Plaintiff during her sole workweek of employment with Defendants, Defendants failed to pay the applicable minimum wage to Plaintiff.

42.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever her final week of work, Defendants violated 29 U.S.C. § 206(a).

43.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendants violated the AMWA, A.R.S. § 23-363.

44.     As a result of Defendants' failure to compensate Plaintiff any wage whatsoever for her final week of work, Defendants violated the AWA, A.R.S., § 23-351.

45.     Plaintiff was a non-exempt employee.

46.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

47.     Plaintiff is a covered employee within the meaning of the FLSA.

48.    Defendants refused and/or failed to properly disclose to or apprise Plaintiff of her rights under the FLSA.

49.    Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

50.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

51.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

52.    Due to Defendants' illegal wage practices, Plaintiff is entitled to recover from Defendants compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred under A.R.S. § 23-355.

**COUNT ONE: FAIR LABOR STANDARDS ACT**
**FAILURE TO PAY MINIMUM WAGE**

53.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

54.     As a result of not paying Plaintiff any wage whatsoever for the hours she worked in her sole workweek of employment, Defendants failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

55.     Defendants' practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

56.     Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Alexandra Zaitsev, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.     For the Court to declare and find that the Defendants violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by failing to pay proper minimum wages;

B.     For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.     For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.     For the Court to award prejudgment and post-judgment interest;

E.     For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F.     Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT
## FAILURE TO PAY MINIMUM WAGE

57.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

58.    As a result of not paying Plaintiff any wage whatsoever for the hours she worked in her sole workweek of employment, Defendants failed or refused to pay Plaintiff the Arizona minimum wage.

59.    Defendant's practice of failing or refusing to pay Plaintiff at the required minimum wage rate violated the AMWA, 23-363.

60.    Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to twice the underpaid wages as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Alexandra Zaitsev, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.    For the Court to declare and find that the Defendant violated minimum wage provisions of the AMWA, A.R.S. § 23-363 by failing to pay proper minimum wages;

B.    For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to A.R.S. § 23-364, to be determined at trial;

D.      For the Court to award prejudgment and post-judgment interest;

E.      For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.      Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

61.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

62.     As a result of the allegations contained herein, Defendants did not compensate Plaintiff wages due and owing to her.

63.     Defendants engaged in such conduct in direct violation of A.R.S. § 23-350.

64.     As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time she was employed by Defendants.

65.     Plaintiff is therefore entitled to compensation for her unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of her unpaid wages, plus interest thereon, and her costs incurred.

**WHEREFORE**, Plaintiff, Alexandra Zaitsev, requests that this Court grant the following relief in Plaintiff's favor, and against Defendants:

A.      For the Court to declare and find that the Defendants violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

-11-

B.    For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E.    Such other relief as this Court deems just and proper.

### JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 21st day of July, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## <u>VERIFICATION</u>

1

2      Plaintiff, Alexandra Zaitsev, declares under penalty of perjury that she has read the

3  foregoing Verified Complaint and is familiar with the contents thereof.  The matters

4  asserted therein are true and based on her personal knowledge, except as to those matters

5  stated upon information and belief, and, as to those matters, she believes them to be true.

6

7

8                                                    *Alexandra Zaitsev*
                                               _____
9                                                    Alexandra Zaitsev

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**Signature:** *Alexandra Zaitsev*

Alexandra Zaitsev (Jul 21, 2022 11:56 PDT)

**Email:** alexandrazaitsev@hotmail.com